NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

EDWARD MALDONADO, *Appellant.*

No. 1 CA-CR 23-0092

FILED 02-20-2025

Appeal from the Superior Court in Maricopa County
No. CR2019-001197-001
The Honorable Sam Myers, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Alice Jones
*Counsel for Appellee*

Mercer Law PLC, Mesa
By Stephen Mercer
*Counsel for Appellant*

---

## MEMORANDUM DECISION

Judge Paul J. McMurdie delivered the Court's decision, in which Presiding Judge Jennifer B. Campbell[1] and Judge Kent. E. Cattani joined.

---

**M c M U R D I E**, Judge:

¶1      Edward Maldonado appeals his convictions for sexual assault and abuse and the resulting sentences. Maldonado's counsel filed a brief per *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), certifying that, after a diligent search of the record, he found no arguable question of law that was not frivolous. Maldonado was allowed to file a supplemental brief but did not do so. Counsel asks this court to search the record for arguable issues. *See Penson v. Ohio*, 488 U.S. 75 (1988); *State v. Clark*, 196 Ariz. 530, 537, ¶ 30 (App. 1999). After reviewing the record, we affirm Maldonado's convictions and sentences.

### FACTS AND PROCEDURAL BACKGROUND

¶2      In June 2014, Maldonado went drinking with friends and happened to meet Inez and her friends at a bar.[2] The group, including Maldonado and Inez, eventually left for another bar in one car. While in the backseat, Maldonado tried to kiss and grab Inez as she attempted to push him away. He touched her breasts and moved his hands into her pants, engaging in digital penetration. Inez's friend switched places with her to create distance between Inez and Maldonado. A few months later, Inez reported the incident to the police.

¶3      The State indicted Maldonado on two counts: sexual assault, a Class 2 felony, and sexual abuse, a Class 5 felony. During an August 2022 settlement conference, the State offered Maldonado a plea deal, which he

---

[1]    The Honorable Jennifer B. Campbell, Judge of the Court of Appeals, Division One (Retired), is authorized by the Chief Justice of the Arizona Supreme Court to participate in the disposition of this decision pursuant to Article 6, Section 3, of the Arizona Constitution and Arizona Revised Statutes §§ 12–145 to –147.

[2]    We use a pseudonym to protect the victim's identity.

rejected. The case was tried in September 2022, and the superior court declared a mistrial because of a hung jury. The State then offered a second plea deal. Maldonado rejected it, and the State advised him according to *State v. Donald*, 198 Ariz. 406, 413, ¶ 14 (App. 2000).

¶4        At the second trial, Inez testified about Maldonado touching her breast and digitally penetrating her in the car. Her friend testified that she saw the sexual contact and switched places with Inez to prevent further acts by Maldonado. Another victim testified that Maldonado also made similar unwanted sexual contact with her. Maldonado testified that sexual contact never occurred with Inez or the other victim.

¶5        The jury returned a guilty verdict on both counts, and the court sentenced Maldonado to six years' imprisonment for the sexual assault conviction and placed him on supervised probation for ten years to begin upon his physical release from prison for the sexual abuse conviction. The court awarded Maldonado 31 days of pre-incarceration credit. Maldonado appealed. We have jurisdiction under Article 6, Section 9 of the Arizona Constitution and Arizona Revised Statutes §§ 12-120.21(A)(1), 13-4031, and 13-4033(A)(1).

## DISCUSSION

¶6        We have read and considered counsel's brief and have reviewed the record for any arguable issues. *See Leon*, 104 Ariz. at 300. We find none. Maldonado had no counsel present during his arraignment, but he pled not guilty, and any potential error would be harmless. *State v. Morris*, 215 Ariz. 324, 335, ¶ 44 (2007) ("An error is harmless if it appears beyond a reasonable doubt that the error did not contribute to the verdict obtained." (cleaned up)). Maldonado was present, waived his presence, or represented by counsel at the remaining stages of the proceedings against him. The record reflects the superior court afforded Maldonado all constitutional and statutory rights and conducted the proceedings following the Arizona Rules of Criminal Procedure. The court held appropriate pretrial hearings, and the evidence presented at trial and summarized above was sufficient to support the jury's verdict. Maldonado's sentences fall within the range and manner prescribed by law. A.R.S. § 13-902(E); A.R.S. § 13-1404; A.R.S. § 13-1406. And the superior court gave Maldonado appropriate presentence incarceration credit.

¶7        Although Maldonado did not receive a formal *Donald* advisement at the August 2022 settlement conference,[3] the record still reflects that he was aware of the plea offer and adequately informed of the consequences before he rejected the plea offer. At the settlement conference, the superior court informed Maldonado of the possible sentences he faced if he was convicted at trial and the court's discretion in awarding probation. The court then compared the possible sentences to the plea offer from the State. Maldonado responded, "I –– I understand what you're saying, Judge. We've been through this before . . . . I –– understand all of that. I understand the risks." Thus, failing to provide a *Donald* advisement is not an arguable issue.

## CONCLUSION

¶8        Maldonado's convictions and sentences are affirmed. After the filing of this decision, defense counsel's obligations pertaining to Maldonado's representation in this appeal will end after informing Maldonado of the outcome of this appeal and his future options, unless counsel's review reveals an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584–85 (1984).



MATTHEW J. MARTIN • Clerk of the Court
**FILED**:    JR

---

3     *See Donald*, 198 Ariz. at 413, ¶ 14 ("[O]nce the State engages in plea bargaining, the defendant has a Sixth Amendment right to be adequately informed of the consequences before deciding whether to accept or reject the offer.").

4